# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CHARLES MORRIS,**
**Claimant Below, Petitioner**

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0108** (BOR Appeal No. 2050678)
(Claim No. 2013029974)

**FAYETTE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Morris, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Fayette County Board of Education, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 8, 2016, in which the Board affirmed a July 20, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 11, 2013, decision granting no award for occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Morris, a custodian and furnace operator for Fayette County Board of Education, alleged that he developed occupational pneumoconiosis in the course of his employment. Mr. Morris underwent spirometry testing at New River Health and a report was generated on January 29, 2013, which indicated Mr. Morris suffered from moderate obstructive ventilator insufficiency. There was no significant increase post-bronchodilator. A February 14, 2013, x-ray revealed simple pneumoconiosis, chronic obstructive pulmonary disease, and bullae.

1

A. Mizra, M.D., Mr. Morris's treating physician, completed a report of occupational pneumoconiosis on March 26, 2013, alleging that Mr. Morris developed occupational pneumoconiosis in the course of and as a result of his employment. The date of last exposure was listed as June 17, 2010. Another x-ray revealed a nodule in the lower left lung. A CT was recommended. An April 17, 2013, CT of the chest demonstrated no evidence of pulmonary mass, infiltrate, effusion, or adenopathy. There was evidence of previous granulomatous inflammation. Fayette County Board of Education completed a report of occupational pneumoconiosis on April 30, 2013, indicating that Mr. Morris was exposed to a minimal amount of asbestos during his employment.

On May 8, 2013, the claims administrator held the claim compensable on a non-medical basis. The case was referred to the Occupational Pneumoconiosis Board for evaluation. On July 18, 2013, the Occupational Pneumoconiosis Board issued its findings. The report provided that a diagnosis of occupational pneumoconiosis could not be made. Physical examination showed Mr. Morris to be in good general clinical condition. He was not in any respiratory distress at rest. The chest cage was well formed. There were no rales; however, there was mild wheezing scattered throughout both lung fields. Heart sounds were of good quality with no murmurs. X-ray views of the chest were within normal limits in their appearance with no evidence of occupational pneumoconiosis. Based upon the findings at the Occupational Pneumoconiosis Board, the claims administrator granted no award for occupational pneumoconiosis.

On March 5, 2014, members of the Occupational Pneumoconiosis Board testified at a hearing in this matter. Johnsey Leef, M.D., testified that he saw no evidence of occupational pneumoconiosis in their x-ray studies. Jack Kinder, M.D., testified that he reviewed the breathing studies and they indicated that Mr. Morris suffered from 10% whole person impairment. However, he attributed the 10% impairment to bronchospastic disease. Dr. Kinder also noted that Mr. Morris had shortness of breath, a productive cough, and wheezing for twenty years. Further, he noted that Mr. Morris was treated for pneumonia in 1979 and was diagnosed with emphysema in the 1990s. As a result of his diagnosis, Mr. Morris had been using bronchodilator medication, which was consistent with a bronchospastic disease. Mahendra Patel, M.D., agreed with the opinions of Dr. Leef and Dr. Kinder. In a final hearing held on May 20, 2015, John Willis, M.D., of the Occupational Pneumoconiosis Board, testified that he concluded there was insufficient parenchymal or pleural disease to make a diagnosis of occupational pneumoconiosis. Both Dr. Kinder and Dr. Patel agreed with Dr. Willis's interpretation.

The Office of Judges determined that the Occupational Pneumoconiosis Board was not clearly wrong based on the evidence in the record and, therefore, adopted its conclusion that Mr. Morris did not have any impairment related to occupational pneumoconiosis. The Office of Judges found that the physical examination performed by the Occupational Pneumoconiosis Board showed Mr. Morris to be in good general clinical condition and x-rays were within normal limits. The Occupational Pneumoconiosis Board found no substantial evidence of occupational pneumoconiosis. The Occupational Pneumoconiosis Board found that Mr. Morris suffered from 10% whole person impairment related to bronchospastic disease. However, the Occupational Pneumoconiosis Board found that it was not work-related. The Occupational Pneumoconiosis

Board noted that Mr. Morris was diagnosed with non-work-related emphysema in the 1990s that required bronchodilator medication. The Office of Judges adopted the findings of the Occupational Pneumoconiosis Board. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. The Occupational Pneumoconiosis Board found that Mr. Morris suffered from 10% whole person impairment related to lung disease but determined that it was not work-related. The evidence of record shows that Mr. Morris had pneumonia and emphysema. Because the evidence supported the Occupational Pneumoconiosis Board's findings, it was not in error for the Office of Judges and Board of Review to adopt them.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker